UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Joseph John Klebs                          Case No. 18-60144

Debtor(s).

## SUMMARY OF AMENDMENTS TO VOLUNTARY PETITION, LISTS, SCHEDULES AND STATEMENTS

1.  Attached to this form are the following amended documents:

    ☐ Petition
    ☐ Schedule A/B
    ☐ Schedule C
    ☐ Schedule D
    ☐ Schedule E/F
    ☐ Schedule G
    ☐ Schedule H
    ☐ Schedule I
    ☐ Schedule J
    ☐ Schedule J-2
    ☐ Summary of assets and liabilities and certain statistical information (note that this Summary MUST BE submitted with any amended schedule)
    ☐ Statement of financial affairs
    ☐ Statement of intention
    ☐ Statement of current monthly income/means test calculation
    ☑ Other (specify):

    Amended Chapter 13 Plan

2.  For each amended document attached, clearly identify all changes (additions and deletions) to the amended document when compared with the original or most recent amendment:

    Changes to Chapter 13 Plan: Part 2. Debtors Payments to Trustee, 2.2 was $264.79 per month for 60 months for a total of $15,887.40, now $905.00 per month for 18 months for a total of $16,308.65, #2.5 was $15,887.40 now $16,308.65.Part 3. Payments by Trustee was $1,588.74, now $1,630.87. Part 14. Timely Filed Unsecure Claims, was $12,997.20, now $9,378.65. Part 14.2 was $68,681.42 now $9,378.65. Part 14.3 was $68,281.42, now $9,378.65. Part 17.2 was added.

Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Joseph John Klebs**

Case no.: **18-60144**
CHAPTER 13 PLAN ☑ Modified
Dated: **May 25, 2018**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan, the debtor has paid the trustee $__.

2.2  After the date of this plan, the debtor will pay the trustee $ **905.00 \*** per **Month** for **18** months beginning in _____ (mo.) of _____ (yr.) for a total of $ **16,308.65** .The initial plan payment is due not later than 30 days after the order for relief.

2.3  The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee **0.00** .

2.5  The debtor will pay the trustee a total of $ **16,308.65** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,630.87** [line 2.5 x .10]

**Part 4.   ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| **-NONE-** | | | |
| TOTAL | | | $0.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |
| TOTAL | | | | | $0.00 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| | TOTAL | | | | | | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Interest Rate | Begin-ning in month # | (Monthly payment) | X Number of payments | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | $ | | | | |
| | TOTAL | | | | | | | | | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | TOTAL | | | | | | | | $0.00 |

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | **Attorney Fees** | $1,500.00 | $750.00 | 1 | 2 | $1,500.00 |
| | TOTAL | | | | | $1,500.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | -NONE- | | | | | |
| | TOTAL | | | | | $0.00 |

**Part 13.  SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| | TOTAL | | | | | | $0.00 |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **9,378.65**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **9,378.65** .

14.3    Total estimated unsecured claims are $ **9,378.65**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| 17.1 | *The plan is a step plan which will pay as follows: $905.00 Monthly for 17 months, then $923.65 Monthly for 1 month |
| 17.2 | TAX REFUNDS: The debtor shall send the Trustee each year during the Chapter 13 Plan copies of Federal and State returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor shall be entitled to retain the first $1,200 (single debor OR single tax return filer) or $2000 (joint debtor OR joint tax return filer), plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments. Debtor will pay all allowed unsecured claims in full. |
| 17.3 | |

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee's [Part 3] | $ | 1,630.87 |
| Home Mortgage Defaults [Part 7] | $ | 0.00 |
| Claims in Default [Part 8] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 10] | $ | 0.00 |
| Priority Claims [Part 11] | $ | 1,500.00 |
| Domestic support obligation claims [Part 12] | $ | 0.00 |
| Separate classes of unsecured claims [Part 13] | $ | 0.00 |
| Timely filed unsecured claims [Part 14] | $ | 9,378.65 |
| TOTAL (must equal line 2.5) | $ | 16,308.65 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:   **/s/ Allen W. Elleraas**
          **Allen W. Elleraas 26426**
          Attorney for debtor or debtor if pro se

Signed:   **/s/ Joseph John Klebs**
          **Joseph John Klebs**
          Debtor 1

Signed:   _____
          Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

BKY: 18-60144
Chapter 13 Case

Joseph John Klebs

Debtor,

## NOTICE OF HEARING ON CONFIRMATION OF MODIFIEDCHAPTER 13 PLAN

PLEASE TAKE NOTICE The court will hold a hearing on Confirmation of Modified Plan at 10:00 am on June 26, 2018, at the U.S. Bankruptcy Court, in Courtroom 2, 2nd Floor, 118 S. Mill Street, Fergus Falls, Minnesota.

Dated: May 25, 2018          /s/ Allen W. Elleraas
                             Allen W. Elleraas – 26426
                             Attorney for Respondent
                             816 W. St. Germain, Suite 300
                             St. Cloud, MN 56303
                             (320) 252-1067

## United States Bankruptcy Court
### District of Minnesota

In re   **Joseph John Klebs**

Debtor(s)

Case No.   **18-60144**

Chapter   **13**

### CERTIFICATE OF SERVICE

I hereby certify that on **May 25, 2018**, a copy of ___ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**See Attached List**

/s/ Allen W. Elleraas

Allen W. Elleraas 26426
Elleraas Law Office
816 W. St. Germain Street, Suite 300
Saint Cloud, MN 56301
320-252-1067Fax:320-252-1091
awelaw@elleraaslawoffice.com

AAA MASTERCARD
PO BOX 790408
SAINT LOUIS MO 63179


ACADEMY LAW GROUP PA
25 NORTHDATE STREET
SAINT PAUL MN 55102


AMERICAN EXPRESS
BOX 6985
BUFFALO NY 14240


AMY JO SOBANIA-KLEBS
104 4TH AVENUE NW
RICE MN 56367


BARCLAYS BANK
PO BOX 8803
WILMINGTON DE 19899


CARE CREDIT
JH PORTFOLIO DEBT EQUITIES
5757 PHANTON DRIVE STE 225
HAZELWOOD MO 63042


CARE CREDIT
SYNCHRONY BANK
PO BOX 965030
ORLANDO FL 32896


CENTRACARE CLINIC
1520 WHITNEY COURT
SAINT CLOUD MN 56303


CENTRASOTA ORAL & MAXILLOFACIA
3950 8TH STREET SUITE 100
SAINT CLOUD MN 56303

COMENITY BANK/LANE BRYANT
PO BOX 182273
COLUMBUS OH 43218-2273


D&A SERVICES LLC OF IL
1400 E TOUHG AVENUE STE 62
DES PLAINES IL 60018


DNF ASSOCIATES
2351 NORTH FORREST RD STE 110
GETZVILLE NY 14068


FMA ALLIANCE, LTD.
PO BOX 2409
HOUSTON TX 77252-2409


GOODYEAR/CBNA
PO BOX 6497
SIOUX FALLS SD 57117


GREAT RIVER FCU
1532 WEST ST. GERMAIN STREET
SAINT CLOUD MN 56301


GURSTAL CHARGO
6681 COUNTRY CLUB RD
GOLDEN VALLEY MN 55427


KAY JEWELERS
STERLING JEWELERS
375 GHENT ROAD
LEWISTOWN OH 43333


KOHL'S DEPARTMENT STORE
P O BOX 3115
MILWAUKEE WI 53201

NATIONWIDE CREDIT INC
PO BOX 14581
DES MOINES IA 50306-3581


PORTFOLIO RECOVERY
120 CORPORATE BLVD STE 100
NORFOLK VA 23502


RAY AND ROZANNE SOBANIA
815 N WALNUT STREET
ROYALTON MN 56373


ST. CLOUD FEDERAL CREDIT UNION
3030 1ST ST S
SAINT CLOUD MN 56301


SYNCB WALMART
PO BOX 965036
ORLANDO FL 32896-5036


SYNCHRONY BANK
PO BOX 965036
ORLANDO FL 32896


SYNCHRONY PAYPAL SMART CON
PO BOX 965005
ORLANDO FL 32896


TD BANK USA/TARGET CREDIT
PO BOX 673
MINNEAPOLIS MN 55440


WELLS FARGO FINANCIAL BANK
PO BOX 14517
DES MOINES IA 50306

WELLS FARGO HOME MTG
P O BOX 5296
CAROL STREAM IL 60197-5296

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                                           Case No.
    Joseph John Klebs

    Debtor(s).

## SIGNATURE DECLARATION

☑ PETITION, SCHEDULES & STATEMENTS
☑ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.     The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.     The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.     [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.     I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.     My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.     [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: March 13, 2018

X _____              X _____
Signature of Debtor1 or Authorized                    Signature of Debtor 2
Representative

Joseph John Klebs
Printed Name of Debtor 1 or                                 Printed Name of Debtor 2
Authorized Representative